IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY LEE SAILES,
    Plaintiff,

vs.                                Case No. 3:11cv514/LAC/EMT

KEN TUCKER, Secretary,
Florida Department of Corrections,
    Defendant.

## REPORT AND RECOMMENDATION

        This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. § 1983. Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (doc. 4).

        Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120

F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is an inmate incarcerated at the Santa Rosa Correctional Institution. Plaintiff sues Ken Tucker, Secretary of the Florida Department of Corrections ("DOC"), and alleges that the DOC has failed to compensate him for work performed in prison "under Florida law" (doc. 1 at 5). He claims that the DOC has discriminated against him and deprived him of property without due process of law. He also claims that the DOC has discriminated against him and other prisoners by abusing its rule-making authority, which also violated his rights. When asked to identify the rights he claims have been violated, Plaintiff lists due process, deliberate indifference, discrimination and equal protection. He seeks monetary relief in accordance with Florida law, with damages consistent with the Federal Rules of Civil Procedure or $100,000 in monetary compensation (doc. 1 at 7).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

Plaintiff has not alleged an actionable equal protection claim, as his complaint contains no allegations of disparate treatment by the state. *See* Thigpen v. Bibb County, Ga., Sheriff's Dept., 223 F.3d 1231, 1237–39 (11th Cir. 2000). To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. Sweet v. Secretary, Dept. Of Corrections, 467 F.3d 1311 (11th Cir. 2006) (citing Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001); *see also* Amnesty Intern., USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009) (citing GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359 (11th Cir. 1998)). Thus the identification of these individuals comprise a part of the claim itself. Battle, 559 F.3d at 1180. No such individual or class of individuals is identified in the complaint.

Furthermore, the state statute upon which Plaintiff bases his claim, § 946.002, Florida Statutes, does not require that the inmates be compensated for labor performed during their incarceration. Section 946.002(1) provides that able-bodied prisoners classified as medium or minimum custody shall be required to work at least forty hours a week. Florida Statutes, § 946.002(1)(a) and (b). Remuneration for such work is not required as the statute further provides that inmates "***may*** receive for work performed ***such compensation as the department shall determine***." Florida Statutes, § 946.002(2)(a) (emphasis added). Furthermore, any payments made to the prisoner "shall be used. . . to satisfy restitution" and inmates who receive compensation shall be required to reimburse the state for lodging, food, transportation, and other expenses incurred for sustaining the inmate." Florida Statutes, § 946.002(2)(b) and (c). Any willful violation of the terms of a prisoner's employment or the rules and regulations of the DOC may result in a forfeiture of money earned by the prisoner. Florida Statutes, § 946.002(4)(a). Finally, the statute provides that

prisoners who are compensated under this section shall not be considered employees of either the state or the department. Florida Statutes, § 946.002(5). Therefore, Plaintiff's suggestion that he was entitled to compensation, or that he was denied due process in conjunction with receipt of compensation to which he was entitled, or that the fact that he did not receive compensation was somehow a result of discrimination is unsupported.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 23rd day of November 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within **FOURTEEN (14) days** after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**